UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DOMINIQUE OLIVE, | Civil Action No.: 19-10340 |
| | Honorable Stephanie Dawkins Davis |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| WASHTENAW COUNTY JAIL, *et al.*, | |
| Defendants. | |

_____/

**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE**

**I.     Introduction and Background**

Plaintiff Dominque Olive, acting *pro se*, filed his complaint against the Washtenaw County Jail, Deputy David Ronald Wilkerson and Deputy Ricky Garon Casey,[1] alleging that "Wilkerson and Casey failed to take proper procedure to keep me protected from inmate on enemy list." [ECF No. 1, PageID.5]. The Honorable Stephanie Dawkins Davis referred case to the

---

[1] Olive also named "James Taylor" as a defendant, but the claims against Taylor were dismissed. [ECF No. 15]. Taylor is apparently the inmate who allegedly assaulted Olive. [*See* ECF No. 30, PageID.174-175].

undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). [ECF No. 34].

At the beginning of this case, the Court notified Olive of his responsibility to provide notice of any address changes. [ECF No. 4]. The notice emphasized that "failure to promptly notify the court of a change of address or other contact information may result in dismissal of your case." [*Id.*, PageID.14]. On March 5, 2020, Olive filed a change of address stating that he was no longer incarcerated, and that his mailing address was:

> P.O. Box 971173
> Ypsilanti, MI 48197

[ECF No. 35]. But since then, court orders sent to that address have been returned as undeliverable. [ECF No. 40; ECF No. 41; ECF No. 46]. The first of these orders was mailed only four days after Olive provided his alleged new address. [ECF No. 36; ECF No. 40]. On May 13, 2020, court staff spoke with Olive about the returned mail, and Olive said that he would file a notice of address change. [*See* docket text for 5/13/2020 and ECF No. 44, PageID.378]. He failed to do so and thus, on June 8, 2020, the Court ordered Olive to show cause why his complaint should not be dismissed, explaining:

> Olive is required to promptly file a notice with the Clerk and serve a copy of the notice on all parties whenever address or other contact information changes. E.D. Mich. L.R. 11.2. 'The

2

>  failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.' *Id.* Although he is acting *pro se*, Olive must comply with federal and local rules of procedure. *Matthews v. Copeland*, 286 F. Supp. 3d 912, 916 (M.D. Tenn. 2017). '[P]*ro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines.' *Bunting v. Hansen*, 05-10116-BC, 2007 WL 1582236 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Courts may dismiss complaints for failure to prosecute under Federal Rule of Civil Procedure 41 when plaintiffs fail to provide their current addresses. *See e.g., Labreck v. Stephenson*, No. 14-CV-12025, 2014 WL 7273586, at *3 (E.D. Mich. Dec. 18, 2014).

[ECF No. 44, PageID.379].

## II.   Analysis

Federal Rule of Civil Procedure authorizes the Court "to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *see also Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) ("[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "'as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties.'" *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting

3

*Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).  This Court's local rules also state when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing . . . the case unless good cause is shown." E.D. Mich. LR 41.2.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."  *Knoll,* 176 F.3d at 363.

Analysis of the *Knoll* factors weighs in favor of dismissal, primarily because of Olive's fault in providing a new address that was never useable. As noted, the first order that was returned was mailed to Olive merely four days after he notified the Court of his change of address.  [ECF No. 35; ECF No. 36; ECF No. 40].  And though Olive told court staff on May 13, 2020 that he would send another change of address, he never did.  His failure or refusal to provide a useable address is inexcusable.

As to the other factors, there is no evidence that defendants have been prejudiced by Olive's failure to provide a useable new address, but the other factors weigh against Olive. He was repeatedly warned that his failure to provide a new address could lead to dismissal and the Court has no less drastic means of sanctioning him because his address is unknown. Thus, Olive's complaint should be dismissed.

### III. Conclusion

For these reasons, the Court **RECOMMENDS** that Olive's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: June 30, 2020

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 30, 2020.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager

6