UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIQUE OLIVE,

        Plaintiff,        Civil Action No. 19-10340
                                  Honorable Stephanie Dawkins Davis
v.                               Magistrate Judge Elizabeth A. Stafford

WASHTENAW COUNTY JAIL, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
SUMMARY JUDGMENT MOTION [ECF NO. 30]**

**I.   Introduction**

Plaintiff Dominique Olive, proceeding *pro se*, sues under 42 U.S.C. § 1983, alleging that Washtenaw County Jail, Deputy David Ronald Wilkinson[1] and Deputy Ricky Garon Casey failed to protect him from being assaulted, in violation of his constitutional rights. [ECF No. 1]. Defendants contend that they did not violate Olive's constitutional rights, that they are entitled to qualified immunity and that Olive failed to exhaust his administrative remedies. [ECF No. 30]. The Honorable Stephanie

---

[1] Olive identified an Officer Wilkerson, but defendants say that the correct spelling is "Wilkinson." [ECF No. 30, PageID.172 n.1].

Dawkins Davis referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). [ECF No. 34].

The Court recommends that defendants' motion for summary judgment be granted and that the claim against the Washtenaw County Jail be dismissed.

## II. Background

The February 2017 fight was between Olive and inmate James Taylor at the Washtenaw County Jail. [ECF No. 1; ECF No. 30, PageID.172-173; ECF No. 30-5; ECF No. 30-6; ECF No. 30-11, PageID.272]. Olive alleges that Taylor was on his "enemy list." [ECF No. 1, PageID.1, 5].

The inmates encountered one another when Wilkinson was escorting Olive back to jail from a court hearing and Taylor was getting a mop from the janitor's closet off the main room. [ECF No. 30-2, PageID.197-198; ECF No. 30-5, PageID.227-228; ECF No. 30-11, PageID.272]. Casey had allowed Taylor to get the mop, not knowing that Olive would be returning from court. [ECF No. 30-2, PageID.197]. Wilkinson says that he did not know that Taylor was on Olive's incompatible list nor that Taylor would be in the main room when he returned Olive from court. [ECF No. 30-5, PageID.228]. In fact, Wilkinson denies expecting "any inmates to be in the main day room when we entered the unit." [ECF No. 30-5, PageID.227].

As soon as Olive entered the main room, Taylor approached him. [ECF No. 30-6].² Seconds later, after the inmates exchanged brief words, Taylor dropped the mop and punched Olive. [*Id.*]. Wilkinson immediately stepped between the two inmates to separate them. [ECF No. 30-5, PageID.228, 232; ECF No. 30-6]. As Wilkinson faced Olive and tried to restrain him, Olive pushed Wilkinson while attempting to lunge at Taylor. [ECF No. 30-6; ECF No. 30-11, PageID.272]. Taylor then picked up the mop and swung it at Olive and Wilkinson. [ECF No. 30-6]. Both Olive and Wilkinson grabbed parts of the mop handle, with Olive appearing to try to gain control of the mop to use it against Taylor. [ECF No. 30-6]. But Wilkinson maintained his grip on the mop handle as other officers rushed in and ended the fight less than ten seconds after it started. [ECF No. 30-2, PageID.198, 201; ECF No. 30-5, PageID.228, 232; ECF No. 30-6].

Olive lacerated his thumb when he grabbed the mop ring and required five stiches. [ECF No. 1; ECF No. 30-8, PageID.242-247].

---

² Exhibit 30-6 is video footage that was filed in the traditional manner.

## III. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). A scintilla of

4

evidence is also insufficient; "there must be evidence on which the jury could reasonably find for the plaintiff." *Liberty Lobby*, 477 U.S. at 252.

**B.**

Olive alleges that Casey and Wilkinson violated his rights under the Fourteenth Amendment, but defendants analyze Olive's claim under the Eighth Amendment. [ECF No. 1; ECF No. 30]. The Fourteenth Amendment's Due Process Clause applies to pretrial detainees, while the Eighth Amendment's Cruel and Usual Punishment Clause protects inmates who are serving a sentence. *Kingsley v. Hendrickson*, 576 U.S. 389, 397-401 (2015). Olive was serving a seven-month jail sentence at the time of the assault. [ECF No. 30-3, PageID.207]. Thus, defendants are right that the Eighth Amendment standard applies. *Kinglsey*, 576 U.S. at 397-400.

Under the Eighth Amendment, "prison officials have an affirmative duty to protect inmates from violence perpetrated by other prisoners." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). To prevail on a deliberate indifference claim, an inmate must satisfy both the objective and subjective component. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). For the objective component, Olive must show that defendants' acts or omissions deprived him of "the minimal civilized measure of life's necessities" and posed "a substantial risk of serious harm." *Id.* The

5

subjective component requires proof that the prison official acted with deliberate indifference, meaning that the official knew of but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010).

The test for deliberate indifference does not require "that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. When prison officials know that a prisoner is vulnerable to assault, the officials must take reasonable measures to protect that prisoner. *Id.* at 832. Those prison officials "'may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (*quoting Farmer*, 511 U.S. at 844).

Focusing on the subjective component, defendants argue that "there is no evidence that either of the officers knew that there was a risk that Oliver would be harmed or that they 'consciously disregard[ed]' such a risk." [ECF No. 30, PageID.180-184 (quoting *Farmer*, 511 U.S. at 839)].

They claim that "Taylor walked toward Olive, and without warning, threw a punch at Olive." [ECF No. 30, PageID.176 (citing ECF No. 30-6)].

In response, Olive lists five reasons why he thinks that the Court should deny the motion for summary judgment. [ECF No. 38]. He states that (1) the "video was edited"; (2) Taylor was a registered boxer and on his "enemy list"; (3) "dispatch is a mandatory device that WCJ officers must use" to correctly handle inmates; (4) "[t]he day before the assault happened a similar situation happened but there was a different result"; and (5) "Dee Farmer vs. Edward Brennan [and] Nassau vs. Rangolan Smith are the cases that explain perfectly why" he has "a successful case, and the reason why [he] should win." [*Id.*, PageID.327-238]. Olive also attaches a copy of defendants' motion with his handwritten annotations to contest portions of the motion. [*Id.*, PageID.329-360]. The gist of Olive's arguments appears to be that Wilkinson knew that Taylor was on Olive's incompatible list and that the officers did not act quickly enough after Taylor's attack. Olive provides no affidavit under Rule 56(c)(4) or other proof to support these arguments.

Even if Olive had submitted an affidavit stating that the officers were not quick enough, the Court could not accept that claim as true. Although facts must usually be viewed in a light most favorable to the nonmoving

7

party, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380. In *Scott*, the Court held that the lower court erred by accepting as true the plaintiff's claim that he posed no threat to pedestrians or other motorists during a car chase; a video of the chase contradicted that claim. *Id.* at 378-80. "Far from being the cautious and controlled driver the lower court depicts, what we see on the video more closely resembles a Hollywood-style car chase of the most frightening sort, placing police officers and innocent bystanders alike at great risk of serious injury." *Id.* at 380.

The video here blatantly contradicts Olive's claim that officers did not act quickly enough. [ECF No. 30-6]. The video shows that Wilkinson immediately acted to stop the attack and that other officers arrived in less than ten seconds. [*Id.*]. The officers' quick actions undermine Olive's claim that they showed deliberate disregard to his safety.

Finally, even if Wilkinson knew about Taylor being on Olive's incompatible list, there is no evidence to refute Wilkinson's claim that he did not know that Taylor would be in the main room when he brought Olive

back from the jail. Olive's claim that Wilkinson was deliberately indifferent to a known risk to Olive's safety lacks merit.

## C.

Defendants also argue that "Olive has not asserted any cognizable claim against the Jail." [ECF No. 30, PageID.184]. They claim that Olive has made only a failure to protect claim for the individual officers, and not a claim against the Washtenaw County Jail. [*Id.* (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978))]. This argument is more properly categorized as one for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Washtenaw County[3] can be liable for failure to protect only if the challenged conduct occurred under its "official policy" so that the county's "promulgation or adoption of the policy can be said to have 'caused' one of its employees to violate the Plaintiff's constitutional rights." *D'Ambrosio v.*

---

[3] Washtenaw County Jail is not a legal entity that can be sued under § 1983. *See Edwards v. Jail*, No. 2:16-CV-11596, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016).

9

*Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Monell*, 436 U.S. at 692). A party cannot be liable under § 1983 based on *respondeat superior*. *Monell*, 436 U.S. at 388-89. "A plaintiff must therefore specify a governmental policy or custom from which his injuries flowed." *Brown v. Cuyahoga Cty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013). Boilerplate, conclusory allegations based on a single incident are not enough to state a plausible claim of municipal liability. *See Spainhoward v. White Cty., Tennessee*, 421 F. Supp. 3d 524, 544 (M.D. Tenn. 2019).

In Olive's complaint, he vaguely alleges, "Failure to protect[ ] by Washtenaw County Jail is a violation of my 14th amendment [*sic*]." [ECF No. 1, PageID.5]. He specified no policy or custom that caused his injury. Olive's claim against Washtenaw County Jail should therefore be dismissed.

## D.

Defendants next argue that they are entitled to qualified immunity. Determining the applicability of qualified immunity is a two-step inquiry into whether the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that (1) the defendant violated a constitutional right; and (2) the right was clearly established. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005).

Applying this inquiry, the Court finds that Wilkinson and Casey are entitled to qualified immunity. As prison officials, they had a clearly established duty to take reasonable measures to protect inmates like Olive from known threats. *Wilson*, 148 F.3d at 600; *Farmer*, 511 U.S. at 832. But under the facts here, Casey and Wilkinson did not disregard a known risk of danger to Olive; they did not violate Olive's constitutional rights.

### E.

If defendants' motion for summary judgment is not granted on the merits, Olive's complaint should be dismissed without prejudice because Olive failed to exhaust his administrative remedies.

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original). A prisoner's grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450

F.3d 651, 654 (6th Cir. 2006) (citation and internal quotation marks omitted).

The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The Washtenaw County Jail's procedure requires inmates to "file a grievance by written communication through a duty sergeant or lieutenant detailing his/her complaint." [ECF No. 30-10, PageID.258]. Defendants say that Olive filed no written grievance about the allegations that undergird his complaint. [ECF No. 30, PageID.190]. "Although Olive filed several kites, none of them asserts that officers unconstitutionally failed to protect him." [*Id.*].

Olive's response does not address defendants' failure-to-exhaust argument. [*See* ECF No. 38]. And during his deposition, Olive testified

12

that he "didn't think about filing a grievance" alleging that the officers failed to protect him. He said that it "never hit" him to request a "complaint paper." [ECF No. 30-3, PageID.209].

Defendants thus meet their burden of showing that Olive failed to exhaust his administrative remedies. And Olive is not excused by his apparent unawareness of the policy requiring him to submit a written grievance. *See Napier v. Laurel Cnty.*, 636 F.3d 218, 221-22 n.2 (6th Cir. 2011) ("A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy."); *Brock v. Kenton Cnty.*, 93 F. App'x 793, 797-98 (6th Cir. 2004) (rejecting inmate's argument that exhaustion should be excused because he was unaware of jail's grievance system).

## IV. Conclusion

The Court recommends that defendants' motion for summary judgment **[ECF No. 30]** be **GRANTED** and the claims against the Washtenaw County Jail be dismissed.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 7, 2020

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 7, 2020.

                                                   s/Marlena Williams
                                                   MARLENA WILLIAMS
                                                   Case Manager