UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DOMINIQUE OLIVE | Case No. 19-10340 |
| Plaintiff, | Stephanie Dawkins Davis |
| v. | United States District Judge |
| DAVID RONALD WILKERSON, *et al*, | Elizabeth A. Stafford |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**OPINION AND ORDER ACCEPTING AND ADOPTING
THE MAGISTRATE JUDGE'S DECEMBER 7, 2020
<u>REPORT AND RECOMMENDATION (ECF No. 60)</u>**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff Dominique Olive, proceeding *pro se*, filed suit under 42 U.S.C. § 1983, alleging that Washtenaw County Jail, Deputy David Ronald Wilkinson and Deputy Ricky Garon Casey failed to protect him from being assaulted, in violation of his constitutional rights. (ECF No. 1). Currently before the Court is Magistrate Judge Elizabeth A. Stafford's December 7, 2020 Report and Recommendation to grant defendants' motion for summary judgment (ECF No. 30) and to dismiss the claim against Washtenaw County Jail. (ECF No. 60). Plaintiff, Dominique Olive, filed an objection to the Report and Recommendation and defendants filed a response. (ECF Nos. 61, 66). For the reasons set forth below, the court

**OVERRULES** plaintiff's objections, **ACCEPTS** and **ADOPTS** the Report and

Recommendation, and **GRANTS** defendants' motion for summary judgment.

## II. FACTUAL BACKGROUND

Judge Stafford recounts the events at issue as follows:

> The February 2017 fight was between Olive and inmate James Taylor at the Washtenaw County Jail. [ECF No. 1; ECF No. 30, PageID.172-173; ECF No. 30-5; ECF No. 30-6; ECF No. 30-11, PageID.272]. Olive alleges that Taylor was on his "enemy list." [ECF No. 1, PageID.1, 5]. The inmates encountered one another when Wilkinson was escorting Olive back to jail from a court hearing and Taylor was getting a mop from the janitor's closet off the main room. [ECF No. 30-2, PageID.197-198; ECF No. 30-5, PageID.227-228; ECF No. 30-11, PageID.272]. Casey had allowed Taylor to get the mop, not knowing that Olive would be returning from court. [ECF No. 30-2, PageID.197]. Wilkinson says that he did not know that Taylor was on Olive's incompatible list nor that Taylor would be in the main room when he returned Olive from court. [ECF No. 30-5, PageID.228]. In fact, Wilkinson denies expecting "any inmates to be in the main day room when we entered the unit." [ECF No. 30-5, PageID.227].
>
> As soon as Olive entered the main room, Taylor approached him. [ECF No. 30-6].2 Seconds later, after the inmates exchanged brief words, Taylor dropped the mop and punched Olive. [Id.]. Wilkinson immediately stepped between the two inmates to separate them. [ECF No. 30-5, PageID.228, 232; ECF No. 30-6]. As Wilkinson faced Olive and tried to restrain him, Olive pushed Wilkinson while attempting to lunge at Taylor. [ECF No. 30-6; ECF No. 30-11, PageID.272]. Taylor then picked up the mop and swung it at Olive and Wilkinson. [ECF No. 30-6]. Both Olive and Wilkinson grabbed parts of the mop handle, with Olive appearing to

2

> try to gain control of the mop to use it against Taylor. [ECF No. 30-6]. But Wilkinson maintained his grip on the mop handle as other officers rushed in and ended the fight less than ten seconds after it started. [ECF No. 30-2, PageID.198, 201; ECF No. 30-5, PageID.228, 232; ECF No. 30-6]. Olive lacerated his thumb when he grabbed the mop ring and required five stiches. [ECF No. 1; ECF No. 30-8, PageID.242-247].

(ECF No. 60, PageID.418-419).

### III. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed.R.Civ.P. 72(b)(1)-(3). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v.*

3

*Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient.").

## IV. DISCUSSION

### A. Objection No. 1

In his first objection, Olive objects to Judge Stafford's conclusion that there was no evidence that either officer knew that there was a substantial risk of harm to Olive or that they consciously disregarded such a risk. The basis for Olive's objection is that, if granted discovery, he would be able to show, through "dispatch" and the "daily audit" would have given defendants the knowledge of a known risk if one inmate is incompatible with another. He also says that records will show that Deputy Thorning (not a defendant in this case) placed Olive and Taylor on each other's "enemy list." Judge Stafford thoroughly addressed this

argument in her report and recommendation, concluding that Olive offered no evidence showing that defendant officers consciously disregarded a known risk that Olive would be harmed. (ECF No. 60, PageID.422-425). Olive continues to offer no such evidence in support of his objection, arguing instead that "dispatch" and "a daily audit" would have conferred the requisite knowledge on the officers. But, as defendants point out, Olive again fails to explain what either of those terms refers to or how either item would give each individual officer a subjective awareness of a known risk of harm. *See Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005) ("[The] subjective component must be addressed for each officer individually."). Even if discovery revealed what Olive says – that the defendants had knowledge that he and Taylor were incompatible – that does nothing to address defendants' lack of knowledge that Taylor would be in the room when Olive was brought back from the jail, as Judge Stafford explained in the report and recommendation. (ECF No. 60, PageID.424-425). Accordingly, Olive's claim that the officer had knowledge of the risk and disregarded it, remains unsupported by any evidence. Objection No. 1 is **OVERRULED**.

B. Objection No. 2

In his second objection, Olive maintains, contrary to the report and recommendation, that he, in fact, made a claim against the Jail and did not just assert claims against the two officers. Olive does not offer any substantive

5

arguments regarding the nature of the claim. Rather, he seems to believe that Judge Stafford dismissed the claim against the Jail because it was not evident from the complaint, rather than on the merits. As Judge Stafford pointed out, Washtenaw County can only be liable for failure to protect if the challenged conduct occurred as a result of its "official policy." (ECF No. 60, PageID.425). In the Court's view, Judge Stafford correctly concluded that Olive did not identify any policy or custom that caused his injury, given his vague allegation that "Failure to protect[ ] by Washtenaw County Jail is a violation of my 14th amendment [sic]." (ECF No. 60, PageID.426, quoting ECF No. 1, PageID.5). Objection No. 2 is **OVERRULED**.

  C. Objection No. 3

Olive next objects to Judge Stafford's conclusion that defendants are entitled to qualified immunity because he says he "can show that the officials violated clearly established statutory or constitutional rights of which a reasonable person would have known that my enemy was a well-known threat to my safety." (ECF No. 61, PageID.433). Judge Stafford concluded that, as prison officials, defendants had a clearly established duty to take reasonable measures to protect inmates like Olive from known threats. The doctrine of qualified immunity shields government officials who are performing discretionary functions from civil liability as long as their conduct does not violate a 1) clearly established 2)

constitutional right. *See Schreiber v. Moore*, 596 F.3d 323, 329 (6th Cir. 2010). However, given Judge Stafford's conclusion that Casey and Wilkinson did not disregard a known risk of danger to Olive, they did not violate Olive's constitutional rights and thus, are entitled to qualified immunity. (ECF No. 60, PageID.427). As set forth above, Judge Stafford correctly determined that defendants did not violate Olive constitutional rights. Accordingly, she also correctly determined that they are entitled to qualified immunity. Olive's third objection is **OVERRULED**.

## V. CONCLUSION AND RELIEF

For the reasons set forth above, the court **OVERRULES** plaintiff's objections, **ACCEPTS** and **ADOPTS** the Report and Recommendation, and **GRANTS** defendants' motion for summary judgment. Further, the remaining pending motions (ECF Nos. 53, 63, 64, and 65) are **DENIED** as moot.

**IT IS SO ORDERED**.

Date: March 15, 2021         s/Stephanie Dawkins Davis
                             Stephanie Dawkins Davis
                             United States District Judge